UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUMINITA HIX,

    Plaintiff,

vs.

    Civil Action No. 10-CV-12302

    HON. BERNARD A. FRIEDMAN

DR. ALVEER,

    Defendant.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT

This matter is presently before the court on plaintiff's application to proceed in forma pauperis. For the following reasons, the court shall (1) grant the application and therefore allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint because the court lacks subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1915(a)(1), the court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he/she "is unable to pay such fees or give security therefor." In the present case, plaintiff's application to proceed in forma pauperis makes the required showing of indigence. The court shall therefore grant the application and permit the complaint to be filed without requiring plaintiff to prepay the filing fee.

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the court is required by statute to dismiss an in forma pauperis complaint if it

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted if, while viewing the facts in the light most favorable to plaintiff, it is clear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Further, the court is required to dismiss the complaint, whether or not plaintiff is proceeding in forma pauperis, if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

In the present case, the court shall dismiss the complaint for lack of subject matter jurisdiction. Plaintiff indicates this is "a criminal neglect case against Dr. Alveer of Waller Medical Clinic, 60 E. Warren, Detroit, MI." Plaintiff, whose address is also in Detroit, alleges that defendant has failed to provide her with necessary medical care. This appears to be a state-law medical malpractice action, as no federal claim is alleged. As both parties are residents of the State of Michigan, diversity jurisdiction is lacking as well. Subject matter jurisdiction is neither alleged nor is it discernible from the face of the complaint. Accordingly,

IT IS ORDERED that plaintiff's application for leave to proceed in forma pauperis is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).


Dated: June 14, 2010
      Detroit, Michigan

S/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE